JANE ANN McHUGH v. CHARLES CURTIS.

*Exemption from execution lost by removal from State—Referee's conclusions.*

A married woman who supports her family or contributes to its support by the employment of a team may claim the benefit of the laws exempting a team from execution.

A referee's conclusions of fact are not reviewable in this court.

A resident of Michigan who removes to a foreign state thereby loses the benefit of the Michigan exemption laws as to any property which may be afterwards found within the State.

Error to Kent.    Submitted April 14.    Decided April 25.

REPLEVIN for a team and harness owned by plaintiff and used by her for the support of her family, but seized on an execution against her during her absence in Canada, where she had gone with intent to take up her residence. This action was brought against the execution purchaser and was referred to a referee who found for defendant. On exceptions to his report, judgment was entered for plaintiff in the circuit court. Reversed.

*J. W. & O. C. Ransom* for appellant.

*Wm. Wisner Taylor* for appellee.

COOLEY, J.   If Mrs. McHugh was supporting her family or contributing thereto by the employment of the team which is now in dispute, she had the same privilege to hold it exempt from execution that any man would have had under similar circumstances. The exemption laws are not made for one sex only, but are general in their benefits; and a woman whose business is of the humblest and most limited character, is as much entitled to their privileges as one who is a farmer or shop-keeper.

But the difficulty in this case is, that the referee finds as a fact that Mrs. McHugh, at the time the team was taken in

execution, was not a resident of this State, but had removed therefrom to the Dominion of Canada, and was then resident in Canada. It may be, as her counsel insists, the referee ought not to have so found on the evidence; but we cannot review his conclusions of fact, and if we could, the whole evidence has not been returned in a bill of exceptions for the purpose.

States are not accustomed to give exemptions from the laws for the collection of debts for the benefit of persons resident in other jurisdictions. The exemptions are personal privileges, dependent on personal or family circumstances; and if one who possesses them removes to a foreign state, whereby he would acquire under its laws privileges more or less liberal not possessed by our own people, he thereby abandons those which he possessed before so far as they were local in their nature. And if exemption privileges are not necessarily local, they certainly are in their reasons. They are conferred on grounds of state policy, to add to the comfort and encourage the industry of the people; and every state will make such regulations on the subject as its own people shall deem wisest and best.

We have no alternative but to set aside the judgment of the circuit, and direct that judgment be entered on the report of the referee.

The other Justices concurred.