MEMPHIS & LITTLE ROCK RY. v. ADAMS.

1. EXEMPTION: *Construction of sec. 2, art. 9, Constitution of* 1874.
   Under sec. 2, art. 9, of the Constitution of 1874, a debtor who is married, though not the head of a family, is entitled to the chattel exemption of $500 therein secured, whether it be the wife or the husband. The provision is for the benefit of all of either sex, who are either married or the heads of families.

APPEAL from *St. Francis* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*U. M. & G. B. Rose*, for appellants.

" The personal property of any resident of this state who is married or the head of a family, to be selected by such resident, not exceeding in value the sum of $500 in addition to his or her wearing apparel and that of his or her family, shall be exempt from seizure on attachment or sale on execution, or other process, from any court, on debt by contract." *Const , art. 9, sec. 2.*

This language is slightly ambiguous, but the meaning evidently is that the head of the family shall be entitled to

the exemptions, and that marriage shall of itself constitute a man the head of a family. It does not mean that every person married, whether the head of a family or not, shall be entitled to the exemptions. Such a construction would give to every family where husband and wife were both living, a right to two exemptions; and this was certainly not the intent of the framers of the constitution. As has been repeatedly stated by this court, the exemption laws are not intended for the benefit of the persons in whose name they are taken, but for the family as an entity. Each family is entitled to an exemption of $500, and no more.

The law is thus stated by Mr. Thompson: "But creditors are entitled to demand that a single family shall not be allowed to withhold from them at the same time two homesteads; and the courts have frequently so held under varying circumstances." *Thompson's Homesteads and Exemptions, sec. 225.*

Neither can appellee lay claim to the exemption of $200, for that is granted only to persons who are not married.

We have found no case where a provision similar to that of our constitution has been passed upon by the courts; but we think that the construction which should be put upon it is plain. The family is not entitled to double exemptions. If the husband is dead or has absconded, the wife may become the head of the family; but while husband and wife live together, he is the head of the family, in law at least, and he alone can claim the exemptions.

*Sanders & Husbands* for appellees.

Exemption laws are to be liberally construed. *St. L., I. M. & S. R. Co. v. Hart, 38 Ark., 114.*

Evidently, *art. 9, sec. 2, Constitution,* contemplates married women as within its provisions for exemptions. The

same constitution gives her the right to hold her separate estate, both real and personal, and constitutional provisions are made with reference one to the other. *Cooley's Const. Limitations, p. 55–57.*

Almost all the authorities we have been able to find discussing the right of a married woman to exemption of personal property have been based upon laws giving the right of exemption to " the head of a family." .

Our constitution says " any resident of this state who is *married,* or the head of a family," thus super-adding a provision which would necessarily embrace and comprehend any character of person who is, or may be, charged with the care and maintenance of a family. A married woman is clearly entitled to the exemption. See *48 Mich., 262; 50 Miss., 720.*

The same rule is applicable in construing exemption laws as to real and personal property. *Freeman on Ex., sec. 223; 10 Neb., 117; 10 Mich., 539; 31 Ala., 195; 41 Cal., 81.*

SMITH, J. The railroad company brought an action of debt by attachment against Mrs. Adams before a justice of the peace. She filed a schedule, claiming that the property attached, consisting of household and kitchen furniture, and wearing apparel, and amounting to $328, was exempt. A *supersedeas* was accordingly granted and the plaintiff appealed.

In the circuit-court the cause was tried upon an agreed statement of facts, to the effect that the account sued on was incurred in carrying on the separate business of the defendant, who was the keeper of a boarding-house for section hands, and who had a husband living with her; and that she was a resident of this state. The court found that she was, at and before the commencement of the action, a

11–46

resident and a married woman, and that the debt sued on was a debt by contract, made in the course of business carried on by her on her sole account. And it declared the law to be, that, under the constitution of the state, she was entitled to claim and hold, free from seizure or sale under attachment, personal property not exceeding in value $500. The action of the justice, in issuing said *supersedeas*, was therefore affirmed.

The constitution allows to a resident of the state who, is not married, or the head of a family, a chattel exemption of $200, exclusive of wearing apparel, as against debts by contract; but to one who is married, or the head of a family, an exemption of $500, in addition to his or her wearing apparel, and that of his or her family. *Art. 9, secs. 1 and 2.*

The argument is, that Mrs. Adams is entitled to neither of these exemptions: Not to the first, because she is a married woman; nor to the second, because she is not the head of a family; that exemption laws, being for the benefit of the family as an entity, must be restricted to heads of families; otherwise, the same family might enjoy a double exemption, in case both parents are alive and the owners of property.

This reasoning, it will be observed, is bottomed on the assumption that the use of the phrase, "married, or the head of a family," is nothing more than an instance of the tautology so common in legislative enactments, the intention being simply to declare that marriage should, of itself, constitute a man the head of a family.

But the expressions are not synonymous, or mere equivalents the one for the other. A married person is not necessarily the head of a family; and one may be the head of a family without being married. If the debtor is either the one or the other, he or she is entitled to hold personal

property not exceeding $500 in value exempt from execution or attachment.

The provision is not for the benefit of one sex alone, but for all of either sex who are or may be charged with the care and maintenance of a family. No reason can be advanced for the protection of a portion of the husband's property from seizure and sale, which is not equally strong where the property belongs to the wife and she is the debtor.

There is no ambiguity in the language of the constitution and no room for construction. It is dangerous to interpret a statute contrary to its express words, where it is not obvious that the makers meant something different from what they have said, and where no inconvenience will follow from a literal interpretation. *Broom's Legal Max. (\*480).*

If the framers of the constitution had intended to confine the privilege to heads of families, it would have been easy to say so, by omitting the mention of married persons.

The following cases have an indirect bearing upon the question: *McHugh v. Curtis, 48 Mich., 262; Partee v. Stewart, 50 Miss., 717; Davis v. Dodds, 20 Ohio St., 473; Dwinell v. Edwards, 23 ib., 603; Crane v. Waggoner, 33 Ind., 83; Brigham v. Bush, 33 Barbour, 596.*

Affirmed.