### KELSON *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. Domicile—Nonresidence—Evidence—Sufficiency.
   Testimony by plaintiff that defendant was indebted to her for board and lodging furnished prior to January 9, 1906; that at that time he left her house, taking all his clothes, saying that he expected to leave town and accept a position on a railroad in the West, and that she has not seen him since, sufficiently supports a finding that defendant was a nonresident.

2. Exemptions—Who Entitled to Claim—Nonresidents.
   Nonresidents of this State are not entitled to claim exemptions from execution and garnishment given by our statutes.

Error to Wayne; Mandell, J. Submitted November 16, 1906. (Docket No. 130.) Decided December 3, 1906.

Garnishment proceedings by Catherine Kelson against the Detroit, Grand Haven & Milwaukee Railway Company as garnishee of William Clowry. There was judgment for plaintiff, and the garnishee brings error. Affirmed.

*L. C. Stanley* and *W. V. Butler*, for appellant.

*George M. O'Connor* and *J. W. Drummond*, for appellee.

CARPENTER, C. J. Defendant was garnished in an attachment suit commenced before Fred E. De Gaw, justice of the peace of the city of Detroit, by plaintiff, against one William Clowry. Defendant disclosed that it was indebted to said Clowry for his personal labor, wages, and services in the sum of $51.90. Subsequently, plaintiff having recovered judgment against the principal defendant, and having taken proper proceedings against the garnishee defendant, the justice rendered judgment against said garnishee defendant for the full amount of the indebtedness disclosed. Defendant contended in the justice's court and in the circuit court (where the case was taken by writ of certiorari), and contends in this court, that this judgment was excessive on the ground that the principal defendant was entitled to an exemption under Act No. 172 of the Public Acts of 1901. It is not necessary to set forth that statute. It is enough to say that it exempts from garnishment a certain portion of an indebtedness for personal labor, amounting in this case, if the statute is applicable, to the sum of $15. The question is whether that statute is applicable.

It appears that Justice De Gaw decided that it was inapplicable because the principal defendant was a nonresident of the State of Michigan. Defendant contends that this was error. It contends that there was no evidence warranting the conclusion that the principal defendant was a nonresident, and it also contends that, though a nonresident, he was entitled to the exemption. We think it clear that there was evidence tending to prove that the principal defendant was a nonresident. That evidence was furnished by plaintiff, who testified that Clowry was "indebted to her * * * for board and lodging furnished * * * prior to January 9, 1906; * * * that at that time * * * he left her house, taking all of his clothes," etc., saying " that he expected to leave town and accept a position on a railroad in the West," and that she (plaintiff) has not seen him since.

There remains to consider this question: Is a nonresi-

dent entitled to the benefit of the exemption ? That question cannot be regarded as an open one in this State. It was decided in *McHugh* v. *Curtis*, 48 Mich. 262, that the exemptions given by our laws are personal privileges which cannot be claimed by nonresidents of this State. The reasoning in that opinion, which was written by Justice COOLEY, is as follows:

"States are not accustomed to give exemptions from the laws for the collection of debts for the benefit of persons resident in other jurisdictions. The exemptions are personal privileges, dependent on personal or family circumstances; and if one who possesses them removes to a foreign State, whereby he would acquire under its laws privileges more or less liberal not possessed by our own people, he thereby abandons those which he possessed before so far as they were local in their nature. And, if exemption privileges are not necessarily local, they certainly are in their reasons. They are conferred on grounds of State policy, to add to the comfort and encourage the industry of the people, and every State will make such regulations on the subject as its own people shall deem wisest and best."

It is true that the exemption denied in *McHugh* v. *Curtis* related to tangible property, and was claimed under a different statute than that involved in this suit, but these are unimportant distinctions. Its reasoning is clearly applicable to this case. The case of *Pettit* v. *Booming Co.*, 74 Mich. 214, relied upon by defendant, is clearly inapplicable. There it was held that one residing in this State supporting a family in Canada was entitled to an exemption as a householder having a family. The exemption in that case was given to *a resident* of this State, and not, as argued by defendant, to *his family* residing elsewhere.

We conclude that there was no error shown in the record, and the judgment should, therefore, be affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.