COTTON v. BOONE COUNTY.

Opinion delivered May 14, 1928.

*James M. Shinn* and *Crump & Foster,* for appellant.
*Shouse & Rowland,* for appellee.

HUMPHREYS, J.   Appellant brought suit in the Boone County Court for fees alleged to be due him for services rendered in his official capacity as chancery clerk and recorder of Boone County.   He based his action upon fees allowed for such services by statute prior to October 31, 1904.

Special act No. 63 of the Acts of the General Assembly of 1903 placed the officers of Boone County on a salary.   Said act went into effect October 31, 1904.   It was alleged in the complaint that said act was repealed by act No. 77 of the acts of the General Assembly of 1927. The county court ruled that it did not, and disallowed appellant's claim.   On an appeal to and trial *de novo* in the circuit court of said county, the trial court found that act No. 63 of 1903 was not repealed by act No. 77, 1927, and dismissed appellant's action, from which is this appeal.

The sole question presented by appeal is whether appellant, as clerk and recorder of said county, was on a salary after the approval of act No. 77 of 1927, on March 3 of that year.   This depends on whether said act 77 of 1927 repealed act 63 of 1903, placing the officers of Boone County on a salary.

In the title and the body of act 77 of 1927, in both §§ 1 and 2, the declared intent was to repeal special acts relating to and fixing salaries of certain officers of Carroll

County. No other purpose is mentioned in the body of the act, so the phrase "and for other purposes," at the end of the title, is without meaning. If any meaning could be accorded the phrase, it would have to be a meaning in harmony with the declared purpose of the act and not a meaning foreign to such purpose. It being the declared intention in the body of the act to repeal all special acts relating to and fixing the salaries of certain officers of Carroll County, the necessary implication is that acts relating to and fixing the salaries of certain officers in other counties were not intended to be repealed. Only two special acts relating to and fixing the salaries of officers in Carroll County were mentioned or referred to in the act. Of course they were repealed. The other four acts referred to by number and the date of their respective approval had nothing whatever to do with fixing the salaries of certain officers in Carroll County, so it is evident that those acts were inadvertently and unintentionally included in the statute. Obviously their inclusion was a clerical mistake or error. *Athletic Mining & Smelting Co.* v. *Sharp,* 135 Ark. 330, 205 S. W. 695.

No error appearing, the judgment is affirmed.