WALKER *v.* ALLRED.

Opinion delivered September 23, 1929.

*Festus O. Butt,* for appellant.

*W. J. Tate* and *Chas. D. James,* for appellee.

BUTLER, J.   At the 1928 election in Carroll County the name of Jack Walker, appellant, appeared on the ballot, without opposition, as Democratic candidate for sheriff of Carroll County, and the name of E. O. Allred appeared on said ballot, unopposed, as the Democratic candidate for collector of Carroll County. Each received a majority of the votes cast; each was thereafter certified by the election board of the county as the officer-elect for the office sought; and each was issued a commission by the Governor for the respective office sought. Each thereafter presented a bond as collector of Carroll County to the county court; the bond of appellant was accepted and approved; that of the appellee was rejected by the county court and approval thereof refused.

The appellant filed his action in the court below, setting up these facts, and further alleging that he was entitled by law to exercise the duties of tax collector, and that he had duly qualified as such; that appellee was attempting to hold and exercise the powers and duties of tax collector; and prayed for judgment of ouster.

The appellee answered, admitting that the appellant was duly elected and qualified sheriff of Carroll County, but denied that by virtue of § 46, article 7, of the Constitution of the State of Arkansas, appellant was entitled to exercise the duties of that office, and denied that he had taken the oath as the collector or filed bond required, or that such bond had been recognized or approved by the proper authorities. He denied that he had unlawfully usurped, or was unlawfully attempting to usurp, said office, or to exercise its powers and duties et cetera. He alleged that act No. 32 of the Acts of the General Assembly of the State of Arkansas for the year 1897 created the separate office of tax collector for Carroll County, and that said act was in full force and effect at the date of the general election for 1928, at which election he was regularly elected tax collector, and that he was commissioned and qualified as such, and was and is entitled to said office and to perform the duties and receive the emoluments thereof, and that said act had not been repealed.

The case was submitted to the court upon the complaint and answer, and the court rendered judgment, which, omitting the caption, is as follows:

"This cause came on for hearing, and the plaintiff, Jack Walker, appeared in person and by his attorney, and the defendant, E. O. Allred, appeared in person and by his attorney, and both announced ready for trial. The cause is submitted to the court upon the complaint of the plaintiff and the answer of defendant, and the court, being sufficiently advised as to both law and facts, finds: That Jack Walker was on the 6th day of November, 1928, at the general election in Carroll County, Arkansas, duly

and regularly and legally elected to the office of sheriff of the said county of Carroll, and thereupon received a certificate of election from the legally constituted authorities, and thereafter received from the Governor of the State a commission as such sheriff, and that he was duly qualified as such sheriff, and that he duly filed bond as such, and that the bond as such sheriff was approved by the proper authority. The court further finds that, by virtue of § 46 of article 7 of the Constitution of the State of Arkansas, the sheriff is not the collector of taxes as a result of the act No. 32 passed by the General Assembly of 1897. Said act created the office of tax collector of Carroll County, Arkansas, and that the defendant, E. O. Allred, was on the 6th day of November, 1928, duly elected as such tax collector, and that he was so certified as such collector by the election commissioners of Carroll County, Arkansas, and that he was duly commissioned as such collector by the Governor and Secretary of State of Arkansas, and as such is not a usurper of the office of collector, but is the legal authorized tax collector of Carroll County, Arkansas, since act No. 32 passed at the General Assembly of 1897 is still in force and effect, and that same has not been repealed as relates to the office of tax collector. It is therefore considered, ordered and adjudged that the complaint of the plaintiff, Jack Walker, be and the same is hereby dismissed, and that the defendant, E. O. Allred, be given judgment for his costs herein expended.''

Appellant filed his motion for a new trial, setting up therein that the court erred in declaring act No. 32 of the General Assembly of 1897 still in force, and that it had not been repealed, and that the court erred in declaring that the sheriff of Carroll County, plaintiff below and appellant here, is not the collector of taxes of said county. This motion was overruled by the court, and the plaintiff has prosecuted his appeal therefrom.

Learned counsel for the appellee point out the fact that no testimony was taken or statement of facts agreed

upon and filed, and insist that, inasmuch as the appellant alleged that he had taken oath of office as tax collector and that his bond as such had been filed and approved, and that these allegations were specifically denied by the appellee, the duty devolved upon appellant to make proof of the same, and, having failed to do so, he has not shown himself such a party in interest as would entitle him to maintain this action. While this is doubtless correct as a general proposition, it is apparent that all of these matters were disregarded in the trial court, and the case was tried on the question as to whether there was, at the time of the election of 1928, the separate office of tax collector of Carroll County, and, as the court below had before it all the information necessary for the determination of that question, and so expressly declared in its judgment, this court will likewise disregard all matters except that which was expressly passed upon and determined by the court below, and will proceed at once to a consideration of that issue.

Section 46, article 7, of the Constitution of the State of Arkansas reads in part as follows: "The qualified electors of each county shall elect one sheriff, who shall be ex-officio collector of taxes, unless otherwise provided by law." Under this section the sheriff was entitled to the office of collector of taxes of Carroll County until the passage of act No. 32 of the Acts of 1897, which, by § 1, created the office of tax collector for Carroll County, fixing his salary at $900 per annum, and providing that he should receive in addition certain fees. The act contained, including the repealing clause, nine sections, which fixed the salaries of other county officers, and in addition provided that the same fees should be collected as then prescribed by law, and provided for the disposition of such fees.

In 1889 the Legislature, by act No. 85, amended § 3254 of Mansfield's Digest, being the general law for the allowance of fees for county treasurers, so as to change the amount of fees allowed to such treasurers.

In 1903 the Legislature passed act No. 63, relating to the fees and salaries of the officers of Boone County. By act No. 310 of the Acts of 1905, act No. 32 of the Acts of 1897 was amended in so far as it related to the salaries of the clerks of the courts, the sheriff, and the tax collector of Carroll County. Act No. 412 of the Acts of 1907 amended § 3 of act No. 310 of the Acts of 1905, relating to the salary of tax collector of Carroll County. Act No. 360 of the Acts of 1919 fixed the salaries of the circuit clerk and county clerk of Carroll County.

In 1927 the General Assembly passed act No. 77, which is as follows:

"An act to repeal act No. 85, approved April 6, 1889; act No. 32, approved March 2, 1897; act No. 63, approved March 7, 1903; act No. 29, approved February 21, 1903; act No. 412, approved May 28, 1907; act No. 360, approved March 22, 1919, regulating the salaries of certain county officers of Carroll County, and for other purposes.

"Be it enacted, etc. Section 1. That the following special acts of the Legislature, to-wit: Act No. 85, approved April 6, 1889; act No. 32, approved March 2, 1897; act No. 63, approved March 7, 1903; act No. 29, approved February 21, 1903; act No. 412, approved May 28, 1907; and act No. 360, approved March 22, 1907, all of said acts being special acts relating to and fixing the salaries of certain officers of Carroll County, be and the same are hereby repealed. Section 2. That each and all of the officers of said county as designated in all of said acts, whose salaries are fixed by such acts, shall receive the fees now fixed by law for their respective offices as their full compensation for their services for such offices. Section 3. That all acts or parts of acts in conflict with any of the provisions of this act be and the same are hereby repealed, and this act shall be in full force and effect from and after its passage."

The contention of counsel for appellee is that the intention of the Legislature was only to repeal and abol-

ish the salaries of the officers of Carroll County, and there was no intention to repeal or abolish the office of tax collector as created by act No. 32 of the Acts of 1897. He invokes the rule that, where it appears that there is any ambiguity, the intent of the Legislature should be determined from a consideration of the entire body of the act, regard being had for its various provisions, taking into consideration the occasion and necessity of the law and the mischief intended to be remedied and the object and remedy in view. It is his contention that the sole purpose of act No. 77 of the Acts of 1927 was to repeal that part only of act No. 32 regulating the salaries of the officers of Carroll County, which intent is established by an application of the rule above announced to the construction of said act. He cites the case of *Cotton* v. *Boone County,* 177 Ark. 249, 6 S. W. (2d) 283, as conclusive of this question.

The court is of the opinion that the language of § 1, act 77, of the Acts of 1927, is not ambiguous, but that the language used can be susceptible of but one meaning, namely, that act No. 32 of the Acts of 1897 was repealed, and where the language is plain it will need no construction. The language in the title following the numbers of the acts sought to be repealed, *i. e.,* ''regulating the salaries of certain county officers of Carroll County,'' and that following the numbers of the sections to be repealed by § 1 of the act, *i. e.,* ''all of said acts being special acts relating to and fixing the salaries of certain officers of Carroll County,'' is merely descriptive of the act to be repealed, and which, in connection with the number of the act, identifies the law which the Legislature has in mind and which it is repealing. It is a well-settled rule of law that, where the will of the Legislature is clearly expressed, the court should adhere to the literal expression of the enactment without regard to consequences, and every construction derived from a consideration of its reason and spirit should be discarded, for it is dangerous to interpret a statute contrary to its express words, where

it is not obvious that the makers meant something different from what they have said. *Bennett* v. *Worthington,* 24 Ark. 487; *M. L. R. R. Co.* v. *Adams,* 46 Ark. 159; *Ry. Co.* v. *B'Shears,* 59 Ark. 243, 27 S. W. 2. In the case of *Cotton* v. *Boone County, supra,* this court did not intend to, and did not, construe act No. 77 of the Acts of 1927 with reference to act No. 32 of the Acts of 1897, but only as to its effect on special act No. 63 of the Acts of 1903, which placed the officers of Boone County on a salary, and held that the inclusion of act No. 63 in the title and body of act No. 77 of the Acts of 1927 was a clerical mistake, as both in the title and body of said act the declared intent was to repeal special acts relating to and fixing the salaries of certain officers of Carroll County, and, no other purpose being mentioned, the phrase at the conclusion of the title, "and for other purposes," was without meaning.

It follows from the views expressed that the trial court erred, and the cause must be reversed, and remanded with directions to enter judgment giving to appellant the relief prayed.