Bill Lundy, Chairman Arkansas Fire and Police Pension Review Board
620 West Third Street, Suite 200 Little Rock, Arkansas 72201-2223
Dear Mr. Lundy:
This is my opinion on your questions about a local police pension fund's eligibility for financial aid from the Arkansas Fire and Police Pension Guarantee Fund.
A local fund may increase benefits upon meeting stated conditions.See A.C.A. § 24-11-102 (Repl. 2002). But once a local fund starts receiving Guarantee Fund aid, it may not pay benefits that "exceed the minimum amount provided by law." A.C.A. § 24-11-209(b)(2)(B)(iv) (Repl. 2002).
The Arkansas Fire and Police Pension Review Board administers the Guarantee Fund and oversees local fund requests for benefit increases.See A.C.A. § 24-11-203(a) (Supp. 2009). You state that, beginning in 1995, the PRB has consistently viewed A.C.A. § 24-11-209(b)(2)(B)(iv) as disqualifying from Guarantee Fund aid a local fund that has increased benefits under A.C.A. § 24-11-102, because its benefits "exceed the minimum amount provided by law."
Your questions are:
 1. Is a local fire or police pension fund that has enacted a benefit increase under the procedure set forth in ACA 24-11-102 eligible for Guarantee Fund assistance under ACA 24-11-209(b)[(2)(B)](iv)?
 2. If the answer to Question 1 is yes, does the PRB have the authority to change its interpretation to now include as eligible for funding assistance *Page 2 
from the Guarantee Fund any pension fund that has enacted a benefit increase?
 3. Is the PRB required to promulgate a rule under the Administrative Procedures Act in order to legally determine eligibility under the statute and administer the Guarantee Fund?
RESPONSE
In my opinion, a local fund that is and will continue paying benefits in amounts greater than the minimum lawful amounts is not eligible for Guarantee Fund assistance. My negative answer to your first question makes your second question inapplicable. It is my opinion that the PRB need not adopt a rule restating the clear meaning of A.C.A. § 24-11-209(b)(2)(B)(iv).
Question 1: Is a local fire or police pension fund that hasenacted a benefit increase under the procedure set forth in ACA24-11-102 eligible for Guarantee Fund assistance under ACA24-11-209(b)[(2)(B)](iv)?
Statutes should be applied to give effect to the legislature's intent.See, e.g., Smith v. Fox, 358 Ark. 388, 193 S.W.3d 238 (2004). Intent is normally found by construing the statute "just as it reads, giving the words their ordinary and usually accepted meaning in common language. . . ." Brown v. State,375 Ark. 499, 502, 292 S.W.3d 288 (2009). Whenever possible, every word of the statute is given meaning and effect. See, e.g., City of LittleRock v. Rhee, 375 Ark. 491, 292 S.W.3d 292 (2009). And the meaning given a statute "by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong." Cave City Nursing Home,Inc. v. Arkansas Dep't of Human Serv.,351 Ark. 13, 23, 89 S.W.3d 884 (2002).
Here, the eligibility statute says that a local fund that is receiving aid from the Guarantee Fund may not pay benefits that "exceed the minimum amount provided by law." A.C.A. § 24-11-209(b)(2)(B)(iv).[1] In my opinion, the language means *Page 3 
that a local fund may not receive money from the Guarantee Fund and thereafter pay benefits in amounts greater than the smallest amounts permitted by law. I see no other way to read the phrase that uses the words' ordinary and accepted meanings and gives effect to the word "minimum."
The PRB is charged with administering the Guarantee Fund. It is therefore up to the PRB in the first instance to apply the statute. Your request says that the PRB has applied the statute consistently, and in accord with what I believe to be its plain meaning, for about 15 years. In my opinion, it is unlikely that a court would deem the PRB to be "clearly wrong" in this regard.[2]
It is my opinion, accordingly, that a local pension fund that has increased benefits under A.C.A. § 24-11-102, and will continue to pay increased benefits, is ineligible, under A.C.A. § 24-11-209(b)(2)(B)(iv), to receive assistance from the Guarantee Fund.
Question 2: If the answer to Question 1 is yes, does the PRB havethe authority to change its interpretation to now include as eligiblefor funding assistance from the Guarantee Fund any pension fund that hasenacted a benefit increase?
This question is inapplicable by its own terms because my answer to your first question is "no."
Question 3: Is the PRB required to promulgate a rule underthe Administrative Procedures Act in order to legally determineeligibility under the statute and administer the Guarantee Fund? *Page 4 
The word "rule" is defined in relevant part in the Arkansas Administrative Procedure Act as "any agency statement of general applicability and future effect that implements,interprets, or prescribes law or policy." A.C.A. § 25-15-202(8)(A) (Supp. 2009) (emphasis added).
"[I]f the language of [a] statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resortto rules of statutory interpretation." Brown v. State,375 Ark. 499, 502, 292 S.W.3d 288 (2009) (emphasis added).[3]
"Interpretation," in other words, means something more than declaring the "clear and definite meaning" of a statute's "plain and unambiguous" language.
The General Assembly is presumed to know the Supreme Court's decisions. See, e.g., Martin v. Pierce,370 Ark. 53, 257 S.W.3d 82 (2007). The APA was adopted asAct 434 of 1967, nearly 40 years after a 1929 case described as "well-settled" the rule against interpretation of plain and unambiguous statutory language. See Walker v. Allred,179 Ark. 1104, 20 S.W.2d 116 (1929). The rule is unchanged today.See, e.g., Doss v. Norris, 2010 Ark. 199.
If the APA required state agencies to promulgate rules declaring the agencies' understandings of the plain and unambiguous language of the statutes they administer, the Arkansas Register would be full of rules that said, in essence, "the statute means what it says." I see no reason to believe that the General Assembly intended to place agencies under that heavy and pointless burden.
In my opinion, the PRB is not required to promulgate a rule under the APA in order to determine a local pension fund's eligibility under the clear and definite meaning of A.C.A. § 24-11-209(b)(2)(B)(iv).
I cannot give an opinion on the PRB's duty to promulgate rules "to legally determine eligibility under the statute and administer the Guarantee Fund" in general. There may be occasions when the PRB should or must adopt a rule addressing local fund eligibility or Guarantee Fund administration, perhaps in *Page 5 
order to resolve an ambiguity in governing law or institute a policy where governing law is silent. The PRB's adoption of a rule, in accordance with the procedures of the APA, would be necessary or appropriate in that case.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The conditions listed in A.C.A. § 24-11-209(b)(2)(B) are mandatory and must be satisfied by a local fund seeking or receiving aid from the Guarantee Fund. See, e.g., Op. Att'y Gen. 2005-041 (one-mill requirement of A.C.A. § 24-11-209(b)(2)(B)(iii) is mandatory).
[2] My understanding of the statute is not identical to the PRB's, as described in your request. The statute does not, on its face, flatly prohibit aid to a local pension fund that has ever increased benefits under A.C.A. § 24-11-102. Rather, it bars assistance to a fund that will continue to pay increased benefits "due after the date the local fund is receiving assistance from the . . . Guarantee Fund." A.C.A. § 24-11-209(b)(2)(B)(iv). In my view, the language leaves open a possibility that a local fund that has increased benefits could receive aid, provided benefits payable after assistance begins are reduced to the minimum amounts permitted by law. I state no opinion on such a reduction's legality or practicality.
[3] See also Michael W. Mullane, Statutory Interpretation inArkansas: How Should a Statute Be Read? When is it Subject toInterpretation? What Our Courts Say and What They Do, 2004 ARK. L. NOTES 85, 89-92. *Page 1