JAMES OLIVER *v.* NATHAN M. VISHNO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-611-56

Argued January 4—decided April 5, 1963

*Robert I. Berdon,* of New Haven, for the appellant (plaintiff).

*Leonard L. Levy,* of New Haven, for the appellee (defendant).

JACOBS, J. The issue in this case is whether the defendant is liable for the balance due for electrical

services rendered and materials furnished by the plaintiff in the wiring of a golf driving range of Boulevard Golf, Inc., a corporation of which the defendant was president and treasurer and its agent in the construction of the golf range.

As a result of a telephone call from Dr. Leon Horton, the plaintiff communicated with the defendant and entered into negotiations with him to do the electrical work at a new golf driving range at 490 Boulevard, in New Haven. During the course of the negotiations, which took place at the defendant's private business office at 1484 Chapel Street, the defendant requested the plaintiff to instal an electrical outlet for an air-conditioning unit in a private suite. The plaintiff did this work. No bill was sent and no payment was made for it. On June 24, 1959, the plaintiff filed an application with the building department of the city of New Haven for a permit to make the electrical installations at the golf range and listed the defendant as the owner of the premises. Under the original agreement, the agreed price for the work to be done and materials furnished was $475, which the court found was fair and reasonable. By a subsequent agreement, the plaintiff performed additional work at the site of the golf range, the fair and reasonable value of which was found to be $1002.85. On or before August 6, 1959, all the work and labor under both agreements was completed with the exception of a minor item which is not pertinent here. The bills came to a total amount of $1477.85. These were billed to the defendant.

Upon receipt of the bills, the defendant notified the plaintiff that they were incorrectly addressed and requested that they be readdressed in the name of the corporation and returned to the defendant. The plaintiff's wife, acting as his bookkeeper, erased the defendant's name and substituted the

name of the corporation and returned them to the defendant. On or about September 1, 1959, the plaintiff, at the request of the defendant, executed a waiver of mechanic's lien in favor of the corporation and received a check from corporate funds for $500, leaving an unpaid balance of $977.85.

The trial court, in finding that the defendant did not, at the time of the original negotiations at the defendant's office, disclose to the plaintiff that he was acting in his capacity as an agent and officer of Boulevard Golf, Inc., and was therefore estopped from disclaiming personal liability on the contract, recognized the principle laid down in *Frederick Raff Co.* v. *Goeben,* 116 Conn. 83, 85: " 'It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.' . . . If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." See *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 279. But the court went one step further. The court found that when the plaintiff became aware that the defendant was acting for the corporation, "at no later a time than when . . . [the plaintiff] caused the defendant's name to be erased from the bills and had them readdressed to the corporation," the plaintiff dealt thereafter openly with the corporation. The court concluded that the plaintiff's subsequent actions constituted a waiver of all his rights against the defendant and an acceptance of the corporation as the party solely liable on the contract in its entirety. The only question before us on this appeal is whether this finding of a waiver is a proper basis

for the trial court's decision in favor of the defendant.

"Waiver is a troublesome term in the law." 5 Williston, Contracts (3d Ed.) p. 239. "Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. This presupposes that the person to be affected has knowledge of his rights, but does not wish to assert them. Intention to relinquish must appear, but acts and conduct inconsistent with intention to [assert rights] are sufficient. The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct." *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 547; 92 C.J.S. 1041, Waiver. "Waiver is a fact or conclusion from facts. Where there is no express waiver, one may be implied. Such a waiver may be found as an inference of fact from . . . conduct . . . under the circumstances of the case. Where there are sufficient facts to warrant it, the determination whether there has been a waiver is to be made by the trier." *Hendsey* v. *Southern New England Telephone Co.,* 128 Conn. 132, 135. "As a general rule, a waiver must be found as a fact, since the intentional relinquishment of a known right is the foundation of a waiver, and this intent, to be found, must be proved." *Grippo* v. *Davis,* 92 Conn. 693, 696.

In the case at bar, waiver was not expressly pleaded as a defense. "As a defense it must, under our law, be specially pleaded." *Crawford Clothes, Inc.* v. *65 Bank Street Realty Co.,* 129 Conn. 682, 686; *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 425; 56 Am. Jur. 118, Waiver, § 18. Waiver must ordinarily be specially pleaded and proved by the party asserting it. 31 C.J.S. 456, Estoppel, § 160. The only allegation of fact which

the defendant pleaded was: "Any alleged work done by the plaintiff was done with Boulevard Golf, Incorporated." The majority rule seems to be that when waiver "is not pleaded it is inadmissible in evidence to prove the waiver; it is unavailable to the party who has neglected to plead it; and the court cannot consider or take notice of such waiver." Note, 120 A.L.R. 8, 37. "Assuming, as [the] court's decision in *Lee* v. *Casualty Co.*, 90 Conn. 202, 206, . . . indicates, that it is sufficient for a . . . [defendant] in such a situation as this to plead the facts on which a waiver could be based, without expressly alleging waiver, this . . . [defense] fails to set forth the necessary facts." *Crawford Clothes, Inc.* v. *65 Bank Street Realty Co.*, supra. The mere allegation that any work done by the plaintiff was done with Boulevard Golf, Inc., falls far short of alleging the necessary facts sufficient to constitute an effective waiver. Moreover, even though evidence was admitted from which a waiver might be found, the case should not be decided on an issue not raised by the pleadings. *Osterlund* v. *State,* 129 Conn. 591, 596.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion RUBINOW, Chief Judge, concurred.

DICENZO, J. (concurring). I concur in the rationale and the result reached by the other members of the appellate panel. However, it seems to me important to point out that the defendant in his brief concedes, as indeed he must, that the findings are contradictory. It is most difficult to reconcile paragraph 12 and paragraphs 24 and 25 of the finding. To support a conclusion of waiver, there should be either an express finding that the plaintiff intentionally relinquished a known right or a finding of sub-

ordinate facts from which a relinquishment could be legally inferred. None of these findings appear. As a matter of fact, the finding in paragraph 12 that "the defendant advised the plaintiff that he had not negotiated on his own behalf but on behalf of the Boulevard Golf, Incorporated," is inconsistent with a finding of waiver, since the inference to be drawn from this finding is that the plaintiff knew that the defendant was not to be liable for the work done. If the plaintiff knew that the defendant was not to be held liable, he had no rights against the defendant to waive. "Waiver is the voluntary relinquishment of a known right." *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 547.