Karl R. LEFFLER et ux *v.* Joe L. BANKS et ux

5-5634                                        472 S.W. 2d 110

Opinion delivered October 25, 1971
[Rehearing denied November 22, 1971.]

*Charles W. Atkinson* and *James R. Hale,* for appellants.

*David J. Burleson,* for appellees.

FRANK Holt, Justice. Appellants brought this action against appellees to recover damages for breach of implied warranty in the sale of a house. The court sustained appellees' demurrer and dismissed appellants' complaint when they declined to plead further. On appeal appellants contend for reversal that appellees' demurrer is a "speaking demurrer." Further, appellants assert their complaint stated a cause of action. Disregarding the "speaking" portion of appellees' demurrer, we think the court was correct.

In their complaint the appellants alleged that the appellees were the "owners and builders" of a dwelling house which appellants bought on August 20, 1969; that appellees breached an implied warranty by failing to use reasonably suitable building materials and to employ satisfactory workmanship and building practices in the construction of the house, all of which defects were manifested about one year after the purchase date of August 1969.

Both parties cite to us *Wawak* v. *Stewart,* 247 Ark. 1093, 449 S. W. 2d 922 (1970). There we adopted the modern rule by which an implied warranty may be recognized in the first sale of a new house by a seller who was also the builder. In recognizing this rule as being "a departure from our earlier cases," and "to avoid injustice," we said that this "new rule is made applicable only to the case at hand and to causes of action arising after this decision becomes final." Thus, we clearly in-

tended that the applicability of. this rule would be prospective only as to sales occurring after our decision became final which was on March 9, 1970. Since the transaction in the case at bar predated *Wawak,* we hold that the court correctly sustained the demurrer and dismissed the complaint.

Affirmed.

FOGLEMAN, J., concurs in the result.