Maragrette COMPTON, Adm'x. of the Estate of
Willie H. GRIFFIN, deceased *v.*
Pearlie Mae WHITE, Guardian, et al

79-135                                    587 S.W. 2d 829

Opinion delivered October 8, 1979
(Division I)
[Rehearing denied November 13, 1979.]

*Coleman, Gantt, Ramsay & Cox*, for appellant.

*Bridges, Young, Matthews, Holmes; Drake and Drake* and
*Bynum & Dennis, Ltd.*, for appellees.

*Jones & Petty*, for amicus curiae, J. E. Shannon.

DARRELL HICKMAN, Justice. This is an appeal from a
Jefferson County Probate decree granting three illegitimate

children the right to inherit from their father.

The probate judge ruled that Ark. Stat. Ann. § 61-141(d) was unconstitutional in the light of a United States Supreme Court decision, *Trimble* v. *Gordon,* 430 U.S. 762, decided April 26, 1977. The probate judge also held any common law rule unconstitutional that could have prevented illegitimate children from inheriting property the same as could legitimate children. *Trimble* v. *Gordon, supra,* was applied retroactively.

While this appeal was pending we decided in two other cases all the issues raised on appeal.

The three appellees, as represented, were found to be the minor illegitimate children of Willie H. Griffin. The probate judge found the children to have been acknowledged by Griffin as his own. Griffin had set up savings accounts for each child, two for $20,000.00, one for $10,000.00. The probate judge's findings that the children were indeed the seed of Griffin is supported by the great weight of the evidence. It was virtually undisputed.

We came to the same conclusion the probate judge did regarding the constitutionality of Arkansas law and common law that treat illegitimate children unequally.

We decided in *Lucas* v. *Handcock, Adm'x.,* 266 Ark. 142, 583 S.W. 2d 491 (1979), that *Trimble* required us to declare Ark. Stat. Ann. § 61-141 unconstitutional, it being indistinguishable from an Illinois law declared unconstitutional in the *Trimble* case. We also declared any common law unconstitutional that would work to the same end.

Consequently, the probate judge's judgment in these two regards was the same as ours in *Lucas.* However, the other issue in the case, the application of the *Trimble* decision in Arkansas, we decided differently than did the probate judge.

On the same day we delivered the *Lucas* decision, June 15, 1979, we also handed down a decision in the case of *Frakes*

v. *Hunt,* 266 Ark. 171, 583 S.W. 2d 497 (1979). We held in *Frakes* that *Trimble* would not be applied retroactively in Arkansas, that is, it would only be applied in Arkansas to cases pending at the time *Trimble* was decided, April 26, 1977.

In *Lucas* v. *Handcock, Adm'x.,* supra, we found litigation was pending when *Trimble* was decided; therefore, we concluded an acknowledged illegitimate child could inherit from a father. In *Frakes* we found litigation was not pending when *Trimble* was decided and denied relief to an offspring claiming to be an acknowledged illegitimate child.

In *Frakes* we recited the reasons *Trimble* should not be applied retroactively. Justice Fogleman, in a dissenting opinion, sharply disagreed with our right to decide whether a United States Supreme Court decision should not be given retroactive effect.

We referred to the decisions of Kentucky and Tennessee and their treatment of the problem. Tennessee concluded its decision regarding illegitimate children would only be applied prospectively — from the date of Tennessee court's decisions — it was to govern all pending cases. *Allen* v. *Harvey,* 568 S.W. 2d 829 (Tenn. 1978). Kentucky decided that *Trimble* would not be applied before April 26, 1977, the date of the *Trimble* decision; pending cases in which the constitutional issue was raised were excluded. *Pendleton* v. *Pendleton,* 560 S.W. 2d 538 (Ky. 1978).

We concluded in *Frakes* v. *Hunt, supra,* that *Trimble* would not be applied retroactively in Arkansas.

Willie Griffin died March 30, 1977, before *Trimble* was decided April 26, 1977. Pleadings were not filed in this case until after the *Trimble* decision. Therefore, the case was not pending when *Trimble* was decided. Consequently, the appellees' claim cannot prevail. The probate judge's decision was contrary in this regard and the decree is reversed with directions to dismiss the appellees' claim.

Reversed and dismissed.

We agree. GEORGE ROSE SMITH, BYRD and PURTLE, JJ.