746 S.W.2d 364 (1988)
294 Ark. 643
Dewayne WORTH, Appellant,
v.
CIVIL SERVICE COMMISSION OF EL DORADO, Appellee.
No. 87-229.
Supreme Court of Arkansas.
March 7, 1988.
*365 David F. Guthrie, El Dorado, for appellant.
Henry C. Kinslow, El Dorado, for appellee.
DUDLEY, Justice.
Appellant, Dewayne Worth, is a member of the El Dorado Fire Department. In the spring of 1985, two vacancies occurred in the rank of captain in the department. Appellant and five other El Dorado firemen sought promotion to the vacancies by taking the civil service examination. The examination consisted of a written test valued at forty points, a departmental evaluation worth twenty-five points, questions posed by the civil service commissioners worth twenty-five points, and seniority counting ten points. Had seniority not been used, appellant would have been promoted. In June 1986, he filed a suit contending that the use of seniority was in violation of Ark.Stat.Ann. § 19-1603 (Repl. 1980). The trial court held that the use of seniority did not violate the cited statute.
Appellant first argues that "the trial court committed error in finding that the appellee did not violate Ark.Stat.Ann. § 19-1603 in formulating the testing procedure." The argument is meritorious. The statute providing for promotion by competitive examination, Ark.Stat.Ann. § 19-1603 (Repl.1980), did not provide for seniority to be used as a factor in promotion. Thus, seniority could not be used as a factor. Bradley v. Bruce, 288 Ark. 342, 705 S.W.2d 431 (1986).
The trial court recited that it did not apply the case of Bradley v. Bruce, supra, because that would amount to a retroactive application of a decision. The trial court was in error. At all times material to the Bradley case and, at all times material to this case, the statute at issue did not provide for the use of seniority as a factor in promotion. The interpretation of the statute should be the same in both cases. A decision interpreting a statute is not being applied retroactively when one litigant is treated the same as another. Hall v. Hall, 274 Ark. 266, 623 S.W.2d 833 (1981), cert. denied, 456 U.S. 916, 102 S.Ct. 1770, 72 L.Ed.2d 175 (1982).
The trial court also found that, even if seniority could not be used pursuant to the statute at issue, a decision in favor of appellant "would cause a disruption in both the Police and Fire Departments in the City of El Dorado and would adversely affect the administration of justice by a number of suits which might be filed under the new rule." The appellant argues that there is no basis in law for the trial court to refuse to follow the statute. Again, the appellant's argument is meritorious. The legislative branch of government determines the wisdom or folly of a bill, but once it has made that determination and enacted a bill into law, the courts must follow a constitutional act, whether a particular judge thinks it is a good law or a *366 bad law. To hold otherwise would be to allow some parties, such as the appellee civil service commission in this case, to be above the law.
In an effort to uphold the trial court's decision, for reasons other than the ones stated by the trial court, the appellee argues that estoppel, laches, and waiver should be applied against appellant because "he did not object to the use of seniority until over 12 months after his test result." The argument will not uphold the lower court's decision.
Estoppel is a doctrine which involves both, not just one, of the parties. Continental Ins. Companies v. Stanley, 263 Ark. 638, 569 S.W.2d 653 (1978). The party claiming estoppel must prove he relied in good faith on some act or failure to act by the other party, and that, in reliance on that act, changed his position to his detriment. Christmas v. Raley, 260 Ark. 150, 539 S.W.2d 405 (1976). Here, the appellee civil service commission has not shown that it detrimentally changed its position based upon an act or failure to act by appellant. Thus, the doctrine of estoppel is not applicable against the appellant.
Similarly, the doctrine of laches is not applicable because it too requires a detrimental change in the position of the one asserting the doctrine as well as an unreasonable delay on the part of the one against whom it is invoked. Padgett v. Bank of Eureka Springs, 279 Ark. 367, 651 S.W.2d 460 (1983). Here, twelve months did not amount to an unreasonable delay in filing the suit, and the commission simply did not change its position as the result of a delay.
Likewise, the doctrine of waiver is not applicable. It involves one party's intentional surrender of a right. In order for the doctrine to be applicable in this case it would be necessary to show that the appellant had full knowledge of his right to object to seniority being used for promotion, and that he intentionally surrendered that right. Bethell v. Bethell, 268 Ark. 409, 597 S.W.2d 576 (1980). Such a showing was not made.
Even though the appellant prevails on his point of appeal, his victory will be one of principle only. He has not joined the captain whom he seeks to have demoted, nor has he joined the City against whom he seeks a judgment for back wages. His relief necessarily will be limited to that which can be granted against the only defendant, the Civil Service Commission of El Dorado. We can only reverse and remand for entry of a decree consistent with this opinion. This is not the type of case we remand for a complete new trial and in which the parties may amend their pleadings. See Overton Constr. Co. v. First State Bank, 285 Ark. 361, 688 S.W.2d 268 (1985); and Sanders v. Walden, 214 Ark. 523, 217 S.W.2d 357 (1949).
Reversed and remanded for entry of a decree consistent with this opinion.
HICKMAN, HAYS and GLAZE, JJ., dissent.
HAYS, Justice, dissenting.
The majority is applying Bradley v. Bruce, 288 Ark. 342, 705 S.W.2d 431 (1986), retroactively, which I think is a mistake. Nothing in Bradley v. Bruce suggests that retroactive application was intended and we do not, as a rule, adopt that course. Wiles v. Wiles, 289 Ark. 340, 711 S.W.2d 789 (1986); Solem v. Stumes, 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984); Cunningham v. State, 251 Ark. 277, 471 S.W.2d 777 (1971); Gross v. State, 246 Ark. 909, 440 S.W.2d 543 (1969); Parish v. Pitts, 244 Ark. 1239, 429 S.W.2d 45 (1968); Hare v. General Contract Purchase Corp., 220 Ark. 601, 249 S.W.2d 973 (1952); Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); Johnson v. State, 248 Ark. 184, 450 S.W.2d 564 (1970); Ford v. King, 268 Ark. 128, 594 S.W.2d 227 (1980); Leffler v. Banks, 251 Ark. 277, 472 S.W.2d 110 (1971). That is often true even where basic constitutional rights are concerned. Johnson v. State, supra.
There is nothing to suggest that the El Dorado Civil Service Commission acted in bad faith in giving limited weight (10 *367 points) to seniority on its civil service examinations. It had been doing that in both the police and fire departments for perhaps twenty years. All of the police and fire department personnel were fully aware of that fact and while seniority was discussed from time to time there was no objection to its use. The civil service statutes[1] provide that promotion shall be based on open competitive examinations of "efficiency, character and conduct," and it seems plain enough that efficiency and experience have a correlation. Efficiency is defined as the "ability to accomplish a job with a minimum expenditure of time and effort."[2] Hence, length of service, i.e., seniority, bears directly on efficiency. At least, it was not implausible for El Dorado, like North Little Rock and other cities, to give some deference to seniority. The trial court found that by so doing the commission acted in good faith and DeWayne Worth has not even argued otherwise. If there were any doubt on that point, the fact that the legislature (at the first opportunity following the decision in Bradley v. Bruce) expressly incorporated seniority into the language of the civil service statutes,[3] is answer enough to a retroactive application.
The majority asserts that when litigants are treated identically a decision is not being applied retroactively. I have no quarrel with that assertion in the abstract, but the unmistakable fact is that in order for DeWayne Worth to prevail in this case, Bradley v. Bruce must be given retroactive operation. Worth joined the El Dorado Fire Department thirteen years ago and has never been uninformed as to the use of seniority in civil service examinations. Not once did he object. When the examination was again offered in the spring of 1985, he and five others took the examination, again with no objection to seniority. Jerry Thomas ranked first, Wesley Harper second and DeWayne Worth third. Had seniority not been used, Worth would have been second and Harper third by a fraction of a point. Worth continued to voice no objection when, in the ensuing months, Thomas and Harper were both promoted. Not until Bradley v. Bruce was decided, over a year after the examination he now challenges, did Worth first complain about seniority.
In contrast, Danny Bradley objected in writing to the use of seniority before the examination was given. When his objections were disregarded by the North Little Rock Civil Service Commission, Bradley filed suit against the commission and the City of North Little Rock to declare that seniority was not a permissible criterion for promotion under the civil service statutes. Bradley went further, however, and enjoined the implementation of the selection process so that no one was promoted until the litigation was successfully concluded. I believe Worth's acquiescence in the testing procedures and the promotion of Harper without objection constituted a waiver of the arguments raised months later. "Every failure to assert a legal right at the proper time is a waiver of that right." First National Bank of Post v. Republic Supply Co., 166 S.W.2d 373 (Texas Civ. App.1942). Waiver and estoppel are intertwined and waiver may be inferred from conduct under the circumstances. Oliver v. Vishno, 2 Conn.Cir. 119, 196 A.2d 119 (1963); Dahl v. Brunswick Corp., 277 Md. 471, 356 A.2d 221 (1976). A failure to object at the first opportunity is a waiver of that right. First National Bank v. Republic Supply Co., 166 S.W.2d 373 (Texas Civ.App.1942).
The majority declares that the Civil Service Commission has not changed its position to its detriment based on Worth's failure to object. I disagree. There was testimony that individuals in both the police and fire departments had recently been promoted prior to the Bradley v. Bruce decision and the trial court made a finding that a retroactive application of the decision would be disruptive to the two departments. *368 Moreover, there was proof that if DeWayne Worth is promoted to captain it would necessitate the demotion of Wesley Harper. Yet the reversal of this case entails both the retroactive promotion of DeWayne Worth and the payment to him of a captain's salary retroactively to the tune of $4,703.22, as of March 4, 1988. By Worth's failure to act, the City of El Dorado will thus have paid Harper a salary to which, under the majority's view, he is not entitled, and the city must now pay that amount, plus prejudgment interest and attorney's fees, to Worth. I submit the city did rely to its detriment on Worth's acquiescence in the use of seniority. It might be noted, too, that Worth's claim for back salary increases by his own delay. The longer he waits to challenge seniority short of the statute of limitations, the greater his claim. Waiver is a question of fact [Aclin v. Caplener, 229 Ark. 718, 318 S.W.2d 141 (1958); 31 C.J.S. Estoppel § 162 (1964)], and the trial court decided that issue adversely to Worth, yet the majority has disregarded that finding altogether.
Finally, if there were no other reason, the case should be affirmed because of a fatal non-joinder of parties. Worth has sought relief which can only be provided by the City of El Dorado, that is, either the demotion of Wesley Harper, or the creation of a new captaincy in the fire department, and a judgment for approximately $5,000. All of these render the city and Harper indispensable parties. Certainly Harper cannot be demoted by a suit to which he was not a party, nor can the civil service commission order the creation of a new position, or order the City of El Dorado to satisfy a judgment for back salary. Only the City of El Dorado can do that. All persons whose rights might be prejudiced by a determination of a controversy must be made parties to the action. Hunt v. McWilliams, 218 Ark. 922, 240 S.W.2d 865 (1950); Leola Lumber Co. v. Bozarth, 91 Ark. 10, 120 S.W.2d 152 (1909); Greer v. Mid-West National Fire & Casualty Insurance Co., 434 F.2d 215 (8th Cir.1970); Order of Railway Conductors of America v. Gorman, 133 F.2d 273 (8th Cir.1948).
The majority concedes that Worth cannot now amend, that his victory is "one of principle only." Then why is this case being reversed? We do not render advisory opinions. Stafford v. City of Hot Springs, 276 Ark. 466, 637 S.W.2d 553 (1982). We held in Bradley v. Bruce that seniority was not proper under the then wording of the civil service statutes and adherence to that principle does not oblige us to reverse a case that should be affirmed because necessary parties were not joined. Moreover, there is authority for the view that a failure to join an indispensable party is jurisdictional. King v. King's County Trust Co., 323 F.Supp. 640 (E.D.N.Y.1970); Sowell v. Sowell, 212 Ga. 351, 92 S.E.2d 524 (1956); Connolley v. Great Basin Ins. Co., 6 Ariz.App. 280, 431 P.2d 921 (1967); Dillon v. Johnson, 322 A.2d 332 (Me.1974); Huston v. Campanini, 464 Pa. 147, 346 A.2d 258 (1973). I would affirm the trial court.
HICKMAN and GLAZE, JJ., join this dissent.
NOTES
[1] Ark.Code Ann. §§ 14-51-102 et seq. (1987) [Ark.Stat.Ann. §§ 19-1601 et seq. (Repl.1980) ].
[2] Random House Dictionary of the English Language, 2nd Edition Unabridged.
[3] Act 276 of 1987.