Dewayne WORTH *v.* CIVIL SERVICE COMMISSION of
El Dorado

88-188                                                761 S.W.2d 169

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Spencer, Spencer, Depper & Guthrie*, by: *David F. Guthrie*,
for appellant.

*Henry C. Kinslow*, for appellee.

STEELE HAYS, Justice. This is the second appeal by Dewayne
Worth arising from a dispute with the Civil Service Commission
of El Dorado over the use of seniority in civil service eligibility. In
1985, Worth, a thirteen year veteran of the El Dorado Fire
Department, took the civil service examination for promotion to
the rank of captain. In that examination seniority was considered
by the Civil Service Commission, resulting in Wesley Harper
having a higher eligibility rating than Worth. If seniority had not
been considered, Worth, rather than Harper, would have been
promoted to one of the two openings which occurred during the
eligibility period.

After our decision in *Bradley* v. *Bruce*, 288 Ark. 342, 705
S.W.2d 431 (1986), Worth filed suit against the Civil Service
Commission of El Dorado contending that the use of seniority was
a violation of Ark. Code Ann. § 14-51-301 (1987), and asking
that he be promoted to the rank of captain. The trial court held

that the decision in *Bradley* v. *Bruce* should not be applied retroactively, that to do so would be disruptive to both the fire and police departments, and on that basis Worth's suit was dismissed.

Worth appealed and this court held that the trial court erred, because at all times material to the *Bradley* case, as to *Worth*, the statute did not provide for the use of seniority as a factor in promotion. See *Worth* v. *Civil Service Commission*, 294 Ark. 643, 746 S.W.2d 364 (Decided March 7, 1988).

Following remand it appears that a vacancy in the rank of captain had occurred in 1987, and three applicants had been declared eligible for promotion, though the selection had not been completed. Counsel for Worth and the Commission agreed on March 17, 1988, that no promotion would occur until the case was resolved.

On April 7, the trial court entered a judgment consistent with our opinion in *Worth I*, reciting that seniority was not a proper consideration under Ark. Code Ann. § 14-51-301 (1987), that *Bradley* v. *Bruce, supra*, was applicable to the case, that the agreement suspending promotion was dissolved over Worth's objection, and that Worth's argument that he should be promoted and awarded attorney's fees should be dismissed as inconsistent with the opinion of this court.

Dewayne Worth has again appealed. He maintains that the trial court erred in failing to order his promotion to captain and in failing to award attorney's fees pursuant to 42 U.S.C.A. § 1988 (West 1981). We affirm the judgment.

Worth contends that he should be promoted, not on the basis of current eligibility, but because of our decision in the first appeal. He urges that even though the City of El Dorado and Wesley Harper are not parties, that does not prevent the commission, which is a party, from being ordered to promote him to captain. But to sustain that argument would be tantamount to overruling the decision in the first appeal, which contains this language:

> *Even though the appellant prevails on his point of appeal, his victory will be one of principle only.* He has not joined the captain whom he seeks to have demoted, nor has he joined the City against whom he seeks a judgment for back

wages. His relief necessarily will be limited to that which can be granted against the only defendant, the Civil Service Commission of El Dorado. We can only reverse and remand for entry of a decree consistent with this opinion. (Emphasis supplied).

■ Just as in *Worth I*, the individuals who underwent the examination process for the 1987 vacancy and established their eligibility for promotion may not have their rights prejudiced by litigation in which they were not joined. *Worth v. Civil Service Commission, supra; Hunt v. McWilliams*, 218 Ark. 922, 240 S.W.2d 865 (1950); *Leola Lumber Co. v. Bozarth*, 91 Ark. 10, 120 S.W. 152 (1909); *Greer v. Mid-West National Fire & Casualty Insurance Co.*, 434 F.2d 215 (8th Cir. 1970); *Order of Railway Conductors of America v. Gorman*, 133 F.2d 273 (8th Cir. 1948). The inevitability of this result was clearly presaged in *Worth I*:

This is not the type of case we remand for a complete new trial and in which the parties may amend their pleadings. See *Overton Construction Co. v. First State Bank*, 285 Ark. 361, 688 S.W.2d 268 (1985); and *Sanders v. Walden*, 214 Ark. 523, 217 S.W.2d 357 (1949).

■ Turning to the matter of attorney's fees, under the circumstances we cannot say the trial court abused its discretion in denying attorney's fees. 42 U.S.C.A. § 1988 (West 1981); *Paragould Music Co., Inc. v. City of Paragould*, 738 F.2d 973 (8th Cir. 1984); *Johnson v. Snyder*, 639 F.2d 316 (6th Cir. 1981); *David v. Travisono*, 621 F.2d 464 (1st Cir. 1980).

AFFIRMED.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. The opinion in *Worth v. Civil Service Commission*, 294 Ark. 643, 746 S.W.2d 364 (1988), should have stopped with the decision that a fatal non-joinder of the necessary parties existed.