CITY OF FORT SMITH and Fort Smith Civil Service Commission *v.* Chris DRIGGERS

90-313                                                   808 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*Martin, Vater, Karr & Hutchinson*, by: *Charles Karr*, for appellant.

*Pryor, Barry, Smith, Karber & Alford*, by: *Gregory T. Karber*, for appellee.

DAVID NEWBERN, Justice. This is a promotion and back pay case brought by a Ft. Smith fireman, the appellee, Chris Driggers, against the City of Ft. Smith and its Civil Service Commission (the City). The case, in which both specific and declaratory relief were sought, was tried without a jury, and the Circuit Court

held Driggers was entitled to the relief he requested. The City appeals contending the Court erred in finding that, at the time critical for this case, the Ft. Smith civil service criterion for promotion of firemen was examination scores and not seniority. It is also contended by the City the Court erred in not holding that Driggers failed to exhaust his administrative remedies and that the Court erred in awarding attorney's fees. We affirm the judgment.

## 1. Promotion criteria

Prior to 1967, the City of Fort Smith had a commission form of government. Act 138 of 1957 permitted a city of the first class having a commission form of government to base fire department promotions on seniority. In 1967, the City adopted a city administrator form of government. Generally, promotions in fire departments in cities having the city administrator form of government are required to be based solely on examination scores. Ark. Code Ann. § 14-51-301(b)(9)(A) (1987). *See Bradley* v. *Bruce*, 288 Ark. 342, 705 S.W.2d 431 (1986), reh'g denied, 288 Ark. 343-A, 713 S.W.2d 451 (1986). There is, however, a provision in Section 7(a) of Act 36 of 1967, quoted in relevant part, as follows:

> When a city effects a change of government under this Act, it shall remain subject to and controlled by all laws (except those inconsistent with this Act) which on the effective date of such reorganization applied to or governed such city. . . . The city, as reorganized, shall have all of the rights, powers and authority which it had immediately prior to reorganization, and shall also be entitled to exercise any right, power or authority (except those inconsistent with the provisions of this Act) permitted cities organized under any other form of government. . . . All by-laws, ordinances and resolutions lawfully passed and in force in such city under its former organization, and not in conflict with this Act, shall remain in force until altered or repealed by the Board of Directors elected under the authority of this Act.

Section 7(a) is included in the codification at Ark. Code Ann. § 14-48-102 (1987).

Fireman Chris Driggers sued the City of Fort Smith and its Civil Service Commission on account of failure to promote him to the rank of captain in 1983 despite his having made the highest score on the test for promotion to that rank. The reason the City gave for denying the promotion was that Driggers did not have sufficient seniority. The Circuit Court awarded a summary judgment in favor of Driggers on the basis of documents showing that the Civil Service Commission had adopted rules after 1967 eliminating the seniority requirement. This Court reversed and remanded that decision because we found that the documents on which it was based presented a remaining genuine issue of material fact as to whether the Civil Service Commission had made such a change. *City of Fort Smith* v. *Driggers*, 294 Ark. 311, 742 S.W.2d 921 (1988).

Upon retrial of the case, the Circuit Court, not by way of summary judgment but after a full hearing, found and stated in the first paragraph of its amended order:

> That the Civil Service Rules and Regulations in force in the City of Fort Smith at the time of the transition from a Commission form of government to a City Administrator form of government did not incorporate seniority as a part of the promotion process for firemen.

The Circuit Court thus reached the same result it had reached in the previous summary judgment and awarded the promotion to Driggers along with back pay.

In its first and main point of this second appeal, the City argues that Act 138 of 1957 made seniority the criterion for promotion of a fireman in a city having a commission form of government and that, because of the saving provisions of Section 7(a) of Act 36 of 1967, that criterion remained in effect. The City's brief, however, recognizes that the City had the power to change the promotion criterion, and that Act 138 did not lock the City into using seniority as the promotion criterion indefinitely. Here is language from the City's brief:

> By its own terms, this transition or savings provision is applicable to the case at bar. Paraphrasing, it says that when a city effects a change of government, it shall remain subject to and controlled by all laws which applied to or

governed the city on the effective date of the reorganization. These laws shall remain in force until altered or repealed by the board elected after reorganization.

After making that statement, the City argues the Circuit Court erred in finding that the City was not using the seniority criterion in 1967 when the reorganization occurred. The City contends that the testimony of lawyers working in the law firm serving as city attorney was insufficient to establish that the seniority criterion was not being used.

Attorney Orville Ben Core testified that he was with the law firm serving as city attorney, and that he also served individually as city attorney, during the period prior to and after the 1967 reorganization. He testified that a document entitled "Rules and Regulations Board of Civil Service Commissioners City of Fort Smith, Arkansas, for Fire and Police Departments" which contained seniority as a criterion for promotion was dated April 30, 1969. He referred to a copy in his possession entitled "Proposed Rules and Regulations" with a note at the top in his handwriting stating, "Adopted 4-30-69."

Attorney Paul Giuffre, also with the firm serving the City, succeeded Mr. Core as the lawyer principally responsible for the City's work. Mr. Giuffre testified he was involved in the reorganization. He examined Plaintiff's Exhibit Eight and expressed his opinion, based on a note on the exhibit in his handwriting and on Mr. Core's testimony, that Exhibit Eight constituted the rules and regulations in effect prior to April 30, 1969. The rules and regulations contained in Exhibit Eight did not mention seniority as a criterion for promotion. In a section entitled "Eligibility Lists," that document provided:

> *Section 1.* Open and competitive examinations shall be held on the first Monday in April and October of each year, and more often if deemed necessary by the Board of Civil Service Commissioners, for the creation of lists of those eligible for employment or promotion for each rank in the Fire and Police Departments.

\*\*\*

*Section 5.* In order to be eligible for examination for advancement from lower to a higher rank, an applicant, (1) shall have served at least one year in the next lower rank except in the case of an emergency the existence of which shall be decided by the Civil Service Commission; (2) must undergo and pass a physical examination similar to that required of an applicant for appointment to the eligible list for employment by either of the two departments and the applicant must be free from any impairment that in the judgment of the Board might reasonably be expected to handicap him in the performance of his duties in the higher rank; (3) must have a good record in the lower ranks in which he has served and be of good moral character.

*Section 6.* After examination has been held the names of those who are approved for appointment on the eligible list for employment or for promotion shall be entered in the minute book of the secretary of the Board in the order of their standing in the examination, and a list of the same certified to the Chief of the Department affected and the City Clerk. In the event of a vacancy in any rank in either of the Departments, the vacancy shall be filled by the applicant standing highest on the eligible list for that particular rank.

All lists for appointments or promotion shall be certified by the Board as of the date of the examination and all lists shall remain in force and effect for a period of one year from the date of the examination and at the expiration of said year all rights and priorities under said lists shall cease.

These are all of the relevant provisions of the Exhibit governing eligibility for promotion in the Fire Department. If, as a matter of fact, these provisions were in effect at the time of the reorganization of government which occurred in 1967, it is clear that the City was not using a seniority criterion but was basing promotion on examination scores.

The City's argument comes down to its contention that the testimony of the two lawyers did not help Driggers' case "suffi-

ciently." That is so, according to the City's brief, because Fire Chief James Moore testified that between 1957 and 1986 promotions were based on seniority and because that fact was demonstrated by the City's Exhibit 3. That Exhibit consists of seven letters written by the Civil Service Commission to Fire Chief R. L. Rudd setting forth the names and rankings of persons eligible for promotion. Three of the letters, written in 1956 and early 1957, state the rankings on the basis of examination scores only. Beginning with a letter of December 4, 1957, and continuing through the latest letter of December 18, 1957, the lists are stated in terms of seniority of those passing the examination.

Chief Moore testified that sometime in 1957 the standard changed from being based purely on examination to being based on seniority as well. He testified that he had been involved in promotions during his employment by the Department, and that of his own personal knowledge, the seniority criterion was used from 1957 until a decision by this Court made in 1985 or 1986, apparently referring to *Bradley* v. *Bruce, supra,* after which the Commission changed the rules back to reliance on examination scores only.

On cross-examination, Chief Moore stated he began employment with the Department as a driver in 1950 and did not receive his first promotion until 1969. He was thus not personally involved in the promotion process around the time of the reorganization of government in 1967.

▆ Whether the City used the seniority criterion after 1967 was a fact question which was resolved by the trial court in accordance with our earlier opinion. The City has given us no basis for overturning that factual determination.

The City's brief seems to argue at one point that, because Act 138 of 1957 required use of the seniority standard and because subsection (a) of Act 36 of 1967 *required* the City to continue to use that standard it could not, as a matter of law, have discontinued use of the seniority criterion after 1967. That ignores the remainder of subsection (a) of Act 36 which accords a city changing its form of government entitlement "to exercise any right, power or authority . . . permitted under any other form of government. . . ." and states that "All by-laws, ordinances and resolutions lawfully passed and in force in such city under its

former organization . . . shall remain in force until altered or repealed by the Board of Directors elected under the authority of this Act. . . ."

■ The City had the authority to remove the seniority criterion for promotion in its fire department after 1967 when it reorganized its government from the commission form to the city administrator form. As a matter of fact, the Circuit Court found that it was not using the seniority criterion for a time after 1967. Although there is evidence that the City attempted to go back to using seniority on April 30, 1969, it had no authority to do so. The obvious purpose of a "saving clause" such as Section 7. of Act 36 of 1967 is to prevent unnecessary disruption which might be caused by sudden change. The City lost the protection of the saving clause when, at the time of the government reorganization in 1967, it promoted firemen in accordance with the law governing cities of the first class having a city administrator form of government contained in Chapter 48 of Arkansas Code Annotated including § 14-51-301 which we have held requires promotion solely on the basis of examination. *Bradley v. Bruce, supra.*

## 2. Administrative remedy exhaustion

The City argues that Driggers' declaratory judgment cannot fulfill the requirement that a party complaining about an administrative deprivation exhaust the administrative remedies available. While we agree with that general proposition, *Rehab Hospital Services Corp. v. Delta Health Systems Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985), we cannot apply it here, as we find Driggers exhausted the administrative remedies available to him.

The Rules and Regulations of the Civil Service Commission of the City of Ft. Smith were made an exhibit at the trial. Section 5:05 grants a grievant the right to present the grievance in writing to the Commission within 15 days of the date the grounds arose and request a hearing. Section 5:06 provides for the holding of a hearing upon such a request, and provides, "No hearing provided for herein shall be construed as giving the individual involved any right of appeal to courts of law or equity other than is provided by law."

■ Obviously Driggers was given no right of appeal by the

Commission Rules. The City contends, however, that he had a statutory right of appeal, citing Ark. Code Ann. § 14-51-308 (1987), but that statute, by its terms, deals only with appeals from suspension, discharge, or reduction in rank or compensation. We are not convinced that there was any administrative remedy beyond the hearing before the Commission.

Driggers' original complaint was filed in 1986. The Commission's two-day hearing on Driggers's grievance was not held until 1988, after which Driggers added to his complaint, after the case was remanded, the allegation that the Commission had denied relief. Citing *Worth* v. *El Dorado Civil Service Commission*, 297 Ark. 251, 761 S.W.2d 169 (1988), the City contends it was improper for Driggers to add an allegation about the hearing to his complaint, as that went beyond the scope of the order remanding the case.

In the *Worth* case, we specifically noted that we had said in the earlier appeal, *Worth* v. *El Dorado Civil Service Commission*, 294 Ark. 643, 746 S.W.2d 364 (1988), "This is not the type of case we remand for a complete new trial and in which the parties may amend their pleadings."

In this case, no trial had occurred. The case was decided the first time by summary judgment. The brief for the City refers to the addition of the allegation as an "amendment" to Driggers' pleadings. Arkansas R. Civ. P. 15(a) provides that "a party may amend his pleadings at any time without leave of court." Rule 15(a) permits a party to object to an amendment on the basis of delay or prejudice. There is no showing that any such objection was made here.

As the matter added to Driggers' complaint was with respect to something which had happened after the original complaint was filed, we regard it as a supplementary complaint governed by Ark. R. Civ. P. 15(d) rather than an amendment under Rule 15(a). We find no allegation in the City's brief that the Court was asked to rule on the addition, either as an improper amendment or supplemental complaint.

The City makes a final argument under this point that, as in the *Worth* case, Driggers did not join any of the persons who were promoted ahead of him and whose rights might somehow be

affected if his promotion were granted. Again, we have no evidence that any such argument was made to the trial court, and thus we will not consider it. *Lovell* v. *Magnet Cove School Dist. No. 8*, 301 Ark. 94, 782 S.W.2d 41 (1990).

### 3. Attorney's fees

The City argues that Ark. Code Ann. § 16-22-308 (Supp. 1989), which deals with the award of attorney's fees in certain civil actions does not permit them to be awarded in a case like this, and thus the Court erred in awarding attorney's fees to Driggers. The statute provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

■ As noted above, Driggers' complaint sought specific relief in the form of promotion and back pay, and he prevailed on those items. The recovery he received is pay for "labor or services" he should have been allowed to perform had he been promoted to captain when he deserved to be promoted. In *Woodhaven Homes, Inc.* v. *Kennedy Sheet Metal Co.*, 304 Ark. 415, 803 S.W.2d 508 (1991), we held that recovery could be had for attorney's fees where the underlying recovery was for "labor or services" on the basis of *quantum meruit* regardless whether a contract was shown. While this is not a *quantum meruit* claim, we find that it is a claim for "labor or services" within the meaning of the statute.

Affirmed.

HAYS, GLAZE and CORBIN, JJ., dissent.

TOM GLAZE, Justice. I respectfully dissent. Under Act 138 of 1957 [Ark. Code Ann. § 14-53-109(a)], the City of Fort Smith had formed a commission form of government, and it continued with that form of government until 1967, when the city adopted

the administrator form authorized under Act 36 of 1967 [Ark. Code Ann. §§ 14-48-101 to -131 (1987 and Supp. 1989)]. As a commission form of government, Fort Smith's sole criterion for the promotion of firefighters was based on an applicant's seniority as mandated by §§ 1 and 2 of Act 138 [now codified as § 14-53-109(a) and (b) (1987)]. In particular, § 2 of Act 138 [§ 14-53-109(b)] provides as follows:

> It is the purpose of this section to establish seniority in service as the basis for promotion in cities of the first class having the commission form of government.

The majority opinion states the record in this appeal suggests Fort Smith, when it was a commission form of government, did not recognize seniority as the criterion for promotion. However, even if that was true, the city's action in adopting competitive examinations as the criterion would have been contrary to Act 138 and therefore invalid. The City of Fort Smith, as a commission form of government, simply had no authority to recognize any criterion other than seniority as provided by Act 138.

The majority opinion states that even if Fort Smith had previously followed seniority when awarding promotions, the city had authority to change that criterion to examination scores after it adopted the administrator form of government in 1967. For this proposition, the court cites the "savings provision" of the City Administrators Act, § 7 of Act 36 of 1967 [§ 14-48-102], which, in relevant part, provides as follows:

> *When a city effects a change of government under this Act, it shall remain subject to and controlled by all laws* (except those inconsistent with this Act) *which on the effective date of such reorganization applied to or governed such city* including, without limiting the foregoing, the laws relating to improvement districts. *The city, as reorganized, shall have all of the rights, powers and authority which it had immediately prior to reorganization, and shall also be entitled to exercise any right, power or authority* (except those inconsistent with the provisions of this Act) *permitted cities organized under any other form of government.* In cities having the commission form of government immediately preceding the adoption of the

City Administrator form of government, *the Board of Directors elected under the authority of this Act may, by ordinance duly adopted, organize or reorganize any municipal board, commission, authority, agency or department pursuant to the authority provided in the general laws of the State for municipalities having the mayor-aldermanic form of government*, except that no such reorganization shall be lawful which impairs the validity of existing contracts. All by-laws, ordinances and resolutions lawfully passed and in force in such city under its former organization, and not in conflict with this Act, shall remain in force until altered or repealed by the Board of Directors elected under the authority of this Act. (Emphasis added.)

In reading § 7(a) above, when Fort Smith changed from commission to the administrator form of government, the city remained subject to those laws that governed it as a commission form of government. Thus, as previously discussed, the governing law, §§ 1 and 2 of Act 138, required Fort Smith to use seniority when promoting firefighters. However, the savings provision further provided that, under Act 36, the new *board of directors* under the city administrator government may *by ordinance duly adopted*, organize or reorganize any municipal board, commission, authority, agency or department in accordance with the general laws of the state. From my search of the record in this appeal, I am unable to find *any* evidence to support the fact that Fort Smith's board of directors by ordinance changed its law to provide for promotions based on competitive examinations rather than seniority.

Almost all of the evidence taken by that court after our remand of this cause, *see City of Fort Smith* v. *Driggers*, 294 Ark. 311, 742 S.W.2d 921 (1988), shows that, from 1957 to 1986, Fort Smith based its firefighter promotions upon seniority. For example, Fire Chief James Moore, a firefighter employee for the city for forty-one years, testified that from 1957 to 1986, promotions in the fire department were based seniority. In addition, testimony and exhibits given and introduced through attorneys, who had worked for the city before and during the transitional period in dispute, reflect that rules and regulations purportedly adopted by the city's Board of Civil Service Commissioners in 1969 and 1974 provide for promotion by seniority. The only exhibit

introduced even mentioning competitive examinations was a copy of the purported Rules and Regulations of the Civil Service Commission, which reproduction exhibit came from one of the attorney's files and which was further labeled in handwriting, "old copy, effective prior to April 30, 1969." Although the trial court relied on this exhibit (and the majority court sustains that reliance) to show that the city, at some time after 1967, based its promotions on something other than seniority, such exhibit fails in any evidentiary way to show the city's *board of directors* ever adopted any such change by ordinance, resolution or otherwise, as is required by the "savings provision" of Act 36 of 1967.[1] In sum, there is *no* evidence whatsoever to show the city's board of directors ever took any action to change the seniority criterion the city was statutorily mandated to follow as a commission form of government. At most, the appellee Driggers showed only that the city's Civil Service Commission, not the city board of directors, may have adopted exams as the promotion criterion. Such proof fails to meet in any way the dictates of Act 36. In sum, the trial court erred in finding the city ever legally changed its seniority criterion for purposes of promoting firefighters, and the majority court is wrong in affirming that finding.

For the foregoing reasons, I would reverse and remand this cause.

HAYS and CORBIN, JJ., join this dissent.

---

[1] The City of Fort Smith objected to this exhibit's introduction, and I think properly so. Besides having no relevance on the issue of whether the board of directors had changed the seniority criterion previously required and followed by Fort Smith, the record reflects the city's Civil Service Commission had rules in 1974 that used seniority as its basis for awarding promotions.