The Honorable Stephen Simon State Representative 13 Bud Chuck Lane Conway, AR 72032-9788
Dear Representative Simon:
You have requested an Attorney General opinion concerning A.C.A. §14-51-301(b)(6) (which addresses the manner in which promotions are to be made by civil service commissions for local police and fire departments), and concerning Conway City Ordinance, Chapter 2.18, Section 2.28.06, No. 6, which addresses the same subject. You have attached a copy of the ordinance to your correspondence.
Your questions are:
 (1) Can a city ordinance be more restrictive in nature than a state law?
 (2) If the answer to Question 1 is yes, would Conway City Ordinance 2.28.06, No. 6 be a valid rule, and have the force and effect of law referred to in A.C.A. § 14-51-301(a)(2)?
 (3) If the answers to Questions 1 and 2 are yes, would the city be required to promote the person standing highest on the eligibility list?
 (4) If the answers to Questions 1, 2, and 3 are no, do state laws require the promotion of the person standing highest on the eligibility list?
RESPONSE
Question 1 — Can a city ordinance be more restrictive in nature than astate law?
This question is not specifically addressed by state law. Until it has been resolved either judicially or legislatively, a more pertinent question (and one that is clear under state law) is whether the ordinance in question is consistent with and not contrary to state law.
Although cities are given the authority to regulate matters related to "municipal affairs," see A.C.A. § 14-42-307; A.C.A. § 14-43-602, -601, this authority is specifically limited. Cities are prohibited by state law from enacting any ordinance that is inconsistent with or contrary to state law. Article 12, § 4 of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." Accord, A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law); 14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state").
Accordingly, if a municipality exercises its general authority with regard to "municipal affairs," pursuant to the statutes cited previously, it must do so in a manner that is consistent with the state law.
I therefore conclude that although it is currently unclear under state law whether city ordinances can be more stringent than state law, it is clear under state law that city ordinances — whether more stringent or less stringent than state law — must be consistent with and not contrary to state law. Accord, Op. Att'y Gen. No. 98-241.
Question 2 — If the answer to Question 1 is yes, would Conway CityOrdinance 2.28.06, No. 6 be a valid rule, and have the force and effectof law referred to in A.C.A. § 14-51-301(a)(2)?
It is my opinion that Conway City Ordinance 2.28.06, No. 6 is impermissible, not because it is either more or less stringent than state law, but rather because it directly conflicts with state law. It therefore cannot have the "force and effect of law" referred to in A.C.A. § 14-51-301(a)(2).
Under the requirements of A.C.A. § 14-51-301(b)(6), the department head is to be given the discretion to choose one candidate from the three candidates for promotion standing highest on the eligibility list. In direct conflict with this requirement of state law, Conway City Ordinance 2.28.06, No. 6 requires the department head to choose for promotion the one candidate standing highest on the eligibility list. This requirement of the city ordinance, in effect, takes away the discretion granted to the department head by state law. For this reason, the ordinance is impermissible under state law.
The Arkansas Supreme Court addressed the question of the department head's discretion in Burcham v. City of Van Buren, 330 Ark. 451,954 S.W.2d 266 (1997). In that case, the court rejected an interpretation of A.C.A. § 14-51-301(b)(6) that would have limited the department head to choosing one candidate only. With regard to this issue, the court stated:
 Subsection (b)(6) makes it clear that when the names of the three standing highest are submitted, the department head is to choose one of the three. To limit the Police Chief to one name in making his selection would run counter to the express language of the statute. In fact, in 1987, the General Assembly deleted language in § 14-51-301(b)(6), requiring promotion of the one standing highest on the eligibility list. See Act 657 of 1987.
Burcham, 330 Ark. at 455.
The court opted instead for an interpretation of the statute that would require the certification of three names each time a vacancy occurred. The court stated:
 To read the statute otherwise would eventually deprive department heads of any discretion in choosing the best candidate. This is clearly not what the General Assembly intended.
Burcham, 330 Ark. at 446.
The court's dicta is significant in that it recognizes a legislative intent that the department head be allowed some discretion in choosing the candidate who is given the promotion. The intent of A.C.A. §14-51-301(b)(6) appears to be to allow the department head some discretion in making the decision as to promotions.
Because Conway City Ordinance 2.28.06, No. 6 directly conflicts with this requirement of state law, I must conclude that it is impermissible under Article 12, § 4 of the Arkansas Constitution, and under the various statutes limiting cities' authority to the requirements and parameters of state law. Accord, Op. Att'y Gen. No. 98-145. It therefore cannot have the "force and effect of law" referred to in A.C.A. § 14-51-301(a)(2).
Question 3 — If the answers to Questions 1 and 2 are yes, would the citybe required to promote the person standing highest on the eligibilitylist?
In light of the answers to Questions 1 and 2, this question is moot.
Question 4 — If the answers to Questions 1, 2, and 3 are no, do statelaws require the promotion of the person standing highest on theeligibility list?
It is my opinion, as indicated in response to Question 2, that state law [A.C.A. § 14-51-301(b)(6)] requires that the department head be given the discretion to choose from the three candidates for promotion who stand highest on the eligibility list, but that the department head is not required to choose the one candidate who stands highest on that list.
As also indicated previously, my conclusion regarding this matter is based on the Arkansas Supreme Court's decision and dicta in Burcham v.City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997). See discussion of that case in response to Question 2.
In your correspondence, you also inquired about the impact upon your question of Bradley v. Bruce, 288 Ark. 342, 705 S.W.2d 431 (1986), and ofCity of Fort Smith v. Driggers, 305 Ark. 409, 808 S.W.2d 748 (1991). InBradley, the court held that Arkansas law required that the person with the highest test score be promoted. In Driggers, the court affirmed an award of promotion and back pay, based on the fact that the candidate had the highest test score. Neither case provides precedential authority in answering your question. Both were governed by a previous version of what is now A.C.A. § 14-51-301, which specifically stated that the person with the highest test score was to be promoted. The statute was subsequently amended to remove that requirement, see Acts 1987, No. 262, and now requires that the department head be given a choice among the three standing highest on the eligibility list. For this reason, Bradley v.Bruce and City of Fort Smith v. Driggers have no applicability to your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh